UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELISANDRO MENDOZA<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEFANIE HUMPHREY; et al.<br><br>　　　　Defendants. | 3:09-cv-0717-LRH-VPC<br><br><br>ORDER |

Before the court is plaintiff Elisandro Mendoza's ("Mendoza") motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. Doc. #44.

**I.    Facts and Procedural History**

Plainitff Mendoza is an inmate currently incarcerated that the Lovelock Correctional Center ("Lovelock"). Prior to his incarceration at Lovelock, Mendoza was incarcerated at the Warm Springs Correction Center ("Warm Springs"). While at Warm Springs, Mendoza alleges that he was attacked by several inmates on orders of the warden for attempting to expose the kitchen's use of expired foodstuffs.

Subsequently, Mendoza initiated the underlying civil rights complaint alleging violations of his Fourth and Fourteenth Amendment rights. Doc. #10. In response, defendants filed a motion to dismiss Mendoza's complaint for failure to exhaust his administrative remedies. Doc. #26. The court granted defendants' motion and Mendoza's case was dismissed. Doc. #42. Thereafter,

Mendoza filed the present motion for relief from judgment. Doc. #44.

## II.     Discussion

Mendoza brings his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). A motion for relief from judgment is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 60(b)(6) provides that a district court may relieve a party from a final judgment for any reason that justifies such relief. FED. R. CIV. P. 60(b)(6).

The court has reviewed the documents and pleadings on file in this matter and finds that relief from judgment is not warranted in this action. In his motion, Mendoza argues that his action should have been stayed, rather than dismissed for his failure to exhaust his administrative remedies. However, there is no legal support for Mendoza's argument. Rather, the opposite is true; if a district court determines that a prisoner has not exhausted his administrative remedies, "the proper remedy is dismissal of the claim." *V Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, the court finds that Mendoza has failed to meet his burden under Rule 60(b)(6) and the court shall deny his motion accordingly.

IT IS THEREFORE ORDERED that plaintiff's motion for relief from judgment (Doc. #44) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE